UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARC BAILLARGEON,
Plaintiff

CA 06 472 S

C.A. No.____________

v.

LINCOLN EDUCATIONAL SERVICES CORPORATION
AND CAREER EDUCATION INSTITUTE,
Defendants

## COMPLAINT AND DEMAND FOR TRIAL

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **Marc Baillargeon** (hereafter "Baillargeon" or "Plaintiff") against **Lincoln Educational Services Corporation** and **Career Education Institute** (hereafter "Employers" or "Defendants"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq.; the federal Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., in addition to other federal, state, and common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to, inter alia, §107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12117 (a), which incorporates by reference §§706(f)(1). All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the Commonwealth of Massachusetts. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this

court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Jurisdiction in this Court proper based on diversity of citizenship of the Parties.

4. On or about September 1, 2005, Baillargeon timely filed a formal Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subjected to unlawful discrimination and related retaliation on the basis of his disability status.

5. In timely fashion, Baillargeon requested Right To Sue authorization from the appropriate administrative agency(ies), and has filed this action within ninety (90) days of his receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT A).

PARTIES

6. The Plaintiff, Marc Baillargeon, an individual, is a citizen and resident of the Town of North Smithfield, Rhode Island.

7. On information and belief, Lincoln Educational Services, and/or its successors or assigns, (hereinafter referred to as "Defendants") is a foreign corporation, conducting business pursuant to the laws of the Commonwealth of Massachusetts, and maintaining a facility and principal place of business in Brockton, Massachusetts, in addition to other locations throughout the United States. Upon reasonable information and belief, and Defendants Lincoln Education Services Company owns and operates a principal place of business, Career Education Institute ("CEI"), located at 622 George Washington Highway, Lincoln, RI. The above-referenced Defendants were sufficiently

joined at intertwined in terms of ownership, corporate direction and control, workplace polices, and procedures, and other pertinent indicia of common ownership and control to be considered one single employer for the purposes of all claims at issue in this action and to be held jointly and severally liable.

8. At all times material to the allegations of this Complaint, the Defendants has continuously, and does now, employ at least 50 or more employees in the Commonwealth of Massachusetts.

9. At all times material to the allegations of this Complaint, the Defendants were and are an employer covered under the provisions of M.G.L.A. CH. 151B. At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, under the provisions of M.G.L.A. CH. 151B.

10. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §2000e (g) and (h).

11. At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or has been a covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e—2000e-17 et seq., and M.G.L.A.. Ch. 151B, and any other state or federal statutes referenced in this Complaint, as well as under §101(2) of the ADA, 42 U.S.C. §12117(2). Defendants at all times pertinent to this action was an employer within the meaning of M.G.L.A. CH. 151B, and all other provisions pertinent to this action.

12. At all times material to the allegations of this Complaint, Baillargeon was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. 12112(a); and is otherwise covered as an individual

and/or an employee under the provisions of M.G.L.A. CH. 151B. At all times material to this action, Baillargeon was a "handicapped person" within the meaning of M.G.L.A. CH. 151B; an "employee" under M.G.L.A. CH.151B, and was protected under the provisions of M.G.L.A. CH. 151B.

13. Baillargeon held the status of a person with a disability, as defined in §3(2) of the ADA, 42 U.S.C. 12102, and pursuant to pertinent state law, because he:

a. has a physical or emotional impairment that substantially limits one or more of his major life activities;

b. has a record of such an impairment; and/or

c. is and was regarded by the Defendants as having such an impairment.

14. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

15. Baillargeon had been employed by the Defendants consecutively, and on a full-time basis, for approximately five and a half years, since January 6, 2000, until he was terminated, on or about June 10, 2005.

16. At the time of his termination, Baillargeon held the position of Admissions Representative, and at all times performed his duties in a satisfactory manner, exceeding the employer's legitimate expectations in all significant respects.

17. At all times material to the allegations of this Complaint, except for a brief period during which he was on an approved medical leave, Baillargeon has been able, with or without reasonable accommodation, to perform the essential functions of his position.

18. At all times material to the allegations of this Complaint, Baillargeon suffered from certain medical impairments, including, but not limited to, severe stress and resulting medical limitations. Defendants were fully apprised and informed by the Plaintiff regarding his medical impairment(s).

19. Baillargeon's medical impairment(s) substantially impacted on various of his major life activities, including, but not limited to, his ability to concentrate, his ability to sleep, his ability to think, as well as his ability to work.

20. On or about April 12, 2005, Baillargeon commenced a medical leave of absence, with appropriate documentation provided by his treating physician. This leave was directed by Baillargeon's medical care providers and qualifies as a reasonable accommodation to his medical condition(s) and impairment(s).

21. Baillargeon provided documentation indicating that he was under medical care and specifying the exact periods during which he required a medical leave from his employment. That leave was not anticipated to extend beyond 12 weeks, or any period to which he was entitled under the provisions of the FMLA or the employer's existing policies relative to employee medical leave.

22. Plaintiff's spouse, Vivianne Baillargeon, was employed by the same employer, in the position of Executive Director, located at the employer's Lincoln, Rhode Island facility.

23. On or about April 5, 2005, Plaintiff's spouse was terminated.

24. Plaintiff's spouse disputed with the Defendants that the circumstances of her termination were lawful. In addition to other action, Plaintiff's spouse filed a claim for unemployment insurance benefits through the Department of Employment and Training, State of Rhode Island.

25. On or about May 18, 2005, a hearing was held on Plaintiff's spouse's application for unemployment benefits, before the Rhode Island Department of Employment and Training. Plaintiff was called to testify at this hearing, on behalf of his spouse, and a decision subsequently issued in favor of Plaintiff's spouse. She was awarded full unemployment benefits, a decision that was upheld over the Defendants' appeal.

26. On or about June 10, 2005, Plaintiff was notified by the employer that he was terminated.

27. Plaintiff was informed that he was being terminated because the Defendants' short term disability carrier had denied his claim for benefits and, therefore, he was perceived on being on an unapproved leave of absence. Plaintiff was also informed that he was being terminated because his position as Admissions Representative was "critical" to the operation of the Defendants' Brockton, Massachusetts location.

28. Contrary to the Defendants' pre-textual reasons for terminating Baillargeon, he was terminated as a result of the Defendants' discriminatory animus and retaliatory motive because he asserted his statutory rights to medical leave, because he was a qualified person with a disability, and/or because the employer sought to retaliate against him for providing testimony to a public agency of the State of Rhode Island.

29. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and

purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and terminated him, as a result of his disability status, his medical leave status, and/or to retaliate against him.

30. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Termination**
**Failure To Accommodate**
**Retaliation**

31. Paragraphs 1-30 above are incorporated herein by reference in their entirety.

32. At all times material to the allegations of this Complaint, Baillargeon was a qualified individual with a disability within the meaning of ADA, in that he had a physical or mental impairment that substantially limits one or more of his major life's activities, had a record of such an impairment, and/or was regarded by Defendants as having such an impairment.

33. Despite his disability or impairment, Baillargeon was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

34. The Defendants have engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

35. The unlawful practices engaged in by the Defendants include, but are not limited to, Defendants' conduct in refusing to accommodate Plaintiff, forcing the Plaintiff to work under discriminatory terms and conditions of employment, retaliating against Plaintiff, and terminating the Plaintiff.

36. But for the Defendants' intent to discriminate against Baillargeon because of his status as a qualified person with a disability, Defendants would not have engaged in the conduct referenced in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**M.G.L.A. CH. 151B, et seq.**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**UNLAWFUL TERMINATION**
**FAILURE AND REFUSAL TO ACCOMMODATE**
**RETALIATION**

37. The allegations contained in paragraphs 1-30 above are incorporated herein by reference in their entirety.

38. The Defendants' discriminatory conduct, policies, and practices are violative of the provision of the M.G.L.A. CH. 151B et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating his in a hostile, demeaning, and otherwise unlawful manner based on his disability; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, a well as harm to his person and professional reputation.

39. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Baillargeon's status as a qualified employee with a disability. Such practices include, but are not limited to, Defendants':

a. terminating Baillargeon because of his disability;

b. refusing to reasonably accommodate Baillargeon;

c. forcing Baillargeon to work under discriminatory terms and conditions of employment; and

d. retaliating against Baillargeon for asserting his rights to be free from discrimination based on disability; and for opposing practices forbidden under M.G.L.A. CH. 151B, including, but not limited to §4(4).

40. But for the Defendants' intent to discriminate against Plaintiff because of his disability, Defendants would not have terminated Plaintiff, subjected him to discriminatory terms and conditions of employment, or refused his request for reasonable accommodation.

41. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability. The Defendants' conduct has unlawfully deprived Plaintiff of his employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**FEDERAL FAMILY AND MEDICAL LEAVE ACT**

42. Paragraphs 1-30 above are incorporated herein by reference in their entirety.

43. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(1) of the Family and Medical Leave Act (FMLA).

44. At all times material to the allegations of this Complaint, the Plaintiff qualified as an eligible employee under §101(2) of the FMLA.

45. The Plaintiff was entitled to a total of 12 work weeks of medical leave under the provisions of the FMLA, or to whatever more extensive benefit was provided by Defendants.

46. Plaintiff anticipated reinstatement to the position he had vacated or to a substantially equivalent position, within his statutorily protected leave period.

47. The Defendants terminated the Plaintiff in violation of the provisions of the FMLA and its own policies.

48. As a result of the Defendants' unlawful conduct, Plaintiff has suffered and is continuing to suffer lost wages, lost employment, and other significant damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of disability status;
b. an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate position, with appropriate increases, benefits status, and promotional opportunities;
c. an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment while without insurance, losses in pension entitlement, vacation pay and other benefits, and the costs of seeking new employment, in amount to be determined at trial;
d. an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;
e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

h. any and all penalties and damages available pursuant to state or federal statute; and

i. grant such further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Marc Baillargeon
By his Attorney,

Stephen Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-245-4520 (FAX)