**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MARC BAILLARGEON,**
Plaintiff

**C.A. No. 06 472 S**

v.

**LINCOLN EDUCATIONAL SERVICES CORPORATION**
**AND CAREER EDUCATION INSTITUTE,**
Defendants

**STATEMENT FOR RULE 16 CONFERENCE**

## I. Introductory Statement/Nature of the Action

This action was commenced by **Marc Baillargeon** (hereafter "Baillargeon" or "Plaintiff") against **Lincoln Educational Services Corporation** and **Career Education Institute** (hereafter "Employers" or "Defendants"), in order to remedy and seek relief for the Defendants' alleged unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq.; the federal Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et seq., in addition to other federal, state, and common law claims.

## I. Factual Allegations

Baillargeon had been employed by the Defendants consecutively, and on a full-time basis, for approximately five and a half years, since January 6, 2000, until he was terminated, on or about June 10, 2005. At the time of his termination, Baillargeon held the position of Admissions Representative, and at all times performed his duties in a satisfactory manner, exceeding the employer's legitimate expectations in all significant

respects. At all times material to the allegations of this Complaint, except for a brief period during which he was on an approved medical leave, Baillargeon has been able, with or without reasonable accommodation, to perform the essential functions of his position. At all times material to the allegations of this Complaint, Baillargeon suffered from certain medical impairments, including, but not limited to, severe stress and resulting medical limitations. Defendants were fully apprised and informed by the Plaintiff regarding his medical impairment(s). Baillargeon's medical impairment(s) substantially impacted on various of his major life activities, including, but not limited to, his ability to concentrate, his ability to sleep, his ability to think, as well as his ability to work.

On or about April 12, 2005, Baillargeon commenced a medical leave of absence, with appropriate documentation provided by his treating physician. This leave was directed by Baillargeon's medical care providers and qualifies as a reasonable accommodation to his medical condition(s) and impairment(s). Baillargeon provided documentation indicating that he was under medical care and specifying the exact periods during which he required a medical leave from his employment. That leave was not anticipated to extend beyond 12 weeks, or any period to which he was entitled under the provisions of the FMLA or the employer's existing policies relative to employee medical leave.

Plaintiff's spouse, Vivianne Baillargeon, was employed by the same employer, in the position of Executive Director, located at the employer's Lincoln, Rhode Island facility. On or about April 5, 2005, Plaintiff's spouse was terminated. Plaintiff's spouse disputed with the Defendants that the circumstances of her termination were lawful. In

addition to other action, Plaintiff's spouse filed a claim for unemployment insurance benefits through the Department of Employment and Training, State of Rhode Island. On or about May 18, 2005, a hearing was held on Plaintiff's spouse's application for unemployment benefits, before the Rhode Island Department of Employment and Training. Plaintiff was called to testify at this hearing, on behalf of his spouse, and a decision subsequently issued in favor of Plaintiff's spouse. She was awarded full unemployment benefits, a decision that was upheld over the Defendants' appeal.

On or about June 10, 2005, Plaintiff was notified by the employer that he was terminated. Plaintiff was informed that he was being terminated because the Defendants' short term disability carrier had denied his claim for benefits and, therefore, he was perceived on being on an unapproved leave of absence. Plaintiff was also informed that he was being terminated because his position as Admissions Representative was "critical" to the operation of the Defendants' Brockton, Massachusetts location. Contrary to the Defendants' pre-textual reasons for terminating Baillargeon, he was terminated as a result of the Defendants' discriminatory animus and retaliatory motive because he asserted his statutory rights to medical leave, because he was a qualified person with a disability, and/or because the employer sought to retaliate against him for providing testimony to a public agency of the State of Rhode Island.

## III. Elements of Plaintiff's Proof

Plaintiff filed his Complaint in the United States District Court on October 25, 2006. Specifically, the Plaintiff has asserted a claim under the Americans with Disabilities Act, ADA-42 U.S.C. 12117. The case presents fairly straightforward issues

concerning the Plaintiff's disability status for purposes of the ADA. Evidentiary issues relative to the Plaintiff's disability claim(s) should be resolved pursuant to the burden shifting analysis in **McDonnell Douglas Corp. v. Green,** 411 U.S. 792 (1973). See also **Feliciano de la Cruz vs. El Conquistador Resort and Country Club**, 218, F3d 1, 6 (1st Cir. 2000). Plaintiff also asserted a claim under the Federal Family and Medical Leave Act (FMLA), and will prove that he suffered retaliation and unlawful treatment and retaliation pursuant to the standard of proof that has evolved relative to that type of case.

**IV. Case Processing Matters**

No unusual trial issues are anticipated. The Parties have had preliminary settlement discussions and are continuing their efforts toward that end. The Plaintiff would be open to the Court's Alternative Dispute Resolution Program.

Respectfully Submitted,
Marc Baillargeon
By His Attorney,
/s/ Stephen T. Fanning (BBO #3900)
Stephen T. Fanning
305 South Main Street
Providence, RI 02903
401-272-8250 /401-272-4520 FAX

**Certification**

I hereby certify that a true copy of the above was served on counsel for the Defendant's by electronic mail to diorioajacksonlewis.com and mcsweenr@jacksonlewis.com, on April 9, 2007.

/s/ Stephen T. Fanning